IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UBLESTER GAMA-HERNANDEZ,<br>Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO.<br>1:16-CR-139-RWS-JKL |
| | : | |
| UNITED STATES OF AMERICA,<br>Respondent. | : | CIVIL ACTION NO.<br>1:16-CV-3716-RWS-JKL |

## ORDER

Movant is a federal prisoner who, pro se, filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 34.)[1] One of Movant's claims is that his lawyer failed to follow his instruction to file an appeal after the judgment of conviction was entered in July 2016. (*Id.* at 3, 10.)

Magistrate Judge Larkins issued a Report and Recommendation ("R&R") that the Court grant Movant's § 2255 motion solely for the purpose of reinstating his appeal rights. (Doc. 36.) Judge Larkins further recommended that the Court dismiss without prejudice Movant's other claims in his motion. (*Id.*)

After the R&R issued, Movant filed a notice of appeal, which includes a request for appointment of new counsel and a request to proceed *in forma pauperis* ("IFP")

---

[1] All citations to the record are to 1:16-cr-139-RWS-JKL.

on appeal. (Docs. 39, 40). Presumably because Movant referenced the R&R in his notice of appeal, the Clerk also docketed the notice as objections to the R&R. (Doc. 38.) A review of the notice indicates, however, that Movant does not object to the R&R, but instead agrees with the recommendation that his appeal rights be reinstated.

The R&R [36] is **ADOPTED** as the opinion of the Court.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(I).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly, Movant's § 2255 motion [34] is **GRANTED** for the sole purpose of reinstating Movant's appeal rights. To effectuate that relief, the Court:

1. **VACATES** the judgment of conviction entered in this action;

2. **REIMPOSES** the sentence of imprisonment, supervised release, special assessment, and other provisions of the judgment imposed by the Court on July 19, 2016, with appropriate credit for time served; and

3. **ADVISES** Movant that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) he has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed to represent him; and (e) any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence in this case.

The remaining claims in Movant's § 2255 motion are **DISMISSED WITHOUT PREJUDICE**. Civil action number 1:16-cv-3716-RWS-JKL is **DISMISSED**.

Movant retained counsel in this case, (doc. 13), and there is insufficient information in the record to determine if Movant is entitled to court-appointed counsel for appeal. The Court **REFERS** Movant's motion for appointment of new counsel and to proceed IFP on appeal [40] to the Magistrate Judge.

**SO ORDERED** this 13th day of Feb., 2017.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE