IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UBLESTER GAMA-HERNANDEZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:16-CR-139-RWS-JKL |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-5009-RWS-JKL |

# **FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who pled guilty, pursuant to a negotiated plea agreement, to drug, firearm, and immigration crimes. (Docs. 29-1, 55.)[1] The Court sentenced Movant to ninety-seven months' imprisonment and four years' supervised release. (Doc. 33.) Attorney Michael B. Wallace represented Movant through sentencing.

Movant appealed, with new attorney Leigh Ann Webster representing him. (Docs. 52, 54.) The government filed a motion to dismiss the appeal because of the appeal waiver in Movant's plea agreement. (*See* Doc. 65.) Movant responded that "he did not understand the full consequences of the plea agreement . . . the [C]ourt's explanation of the appeal-waiver was not sufficient to ensure he understood . . . [and]

---

[1] All citations to the record are to 1:16-cr-139-RWS-JKL.

the plea agreement itself was insufficient to show that he understood the full significance of the appeal waiver." (*Id.* at 2.)

The U.S. Court of Appeals for the Eleventh Circuit reviewed the appeal waiver, Movant's written acknowledgment of it, and the Court's discussions about the waiver with Movant and Wallace at the plea hearing. (*Id.* at 2-4.) The court of appeals concluded from that review that Movant "made a knowing and voluntary waiver of his right to appeal" and that there were no applicable exceptions to the waiver. (*Id.* at 4.) The court of appeals thus granted the government's motion to dismiss the appeal. (*Id.*)

Movant's appeal waiver provided:

> To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court. Claims that [Movant's] counsel rendered constitutionally ineffective assistance are excepted from this waiver.

(Doc. 29-1 at 14.) Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding." (*Id.* at 16.)

2

Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his judgment of conviction, along with a supporting brief. (Docs. 66, 66-1.) Movant asserts one claim in his motion: that Webster rendered ineffective assistance when she refused his requests to seek rehearing en banc in the court of appeals and to seek certiorari review in the U.S. Supreme Court. (Doc. 66 at 4.) Movant says that he made those requests to Webster during a phone call on or about October 11, 2018. (*Id.*)

Movant argues that claim in his brief supporting his § 2255 motion. (Doc. 66-1.) But he also makes other arguments that appear to be additional claims. First, he argues that the appeal waiver in his plea agreement "is facially unconstitutional." (*Id.* at 4.) Second, he asserts that Wallace rendered ineffective assistance when he "[i]nduced Movant[] to plead guilty." (*Id.* at 7.) Finally, he asserts that Wallace was ineffective for not withdrawing Movant's guilty plea when Wallace "knew or should have known that [Movant] made the guilty plea based solely upon the advice [Wallace] gave to Movant, [which was] that he always could appeal the sentence." (*Id.* at 8.)

Movant's claim that Webster rendered ineffective assistance fails on its face. Even if Movant's allegations about Webster are true, he is not entitled to relief.

3

There is no constitutional right to counsel in the pursuit of certiorari review in the U.S. Supreme Court because such review is discretionary, not a guaranteed right. *Ross v. Moffitt*, 417 U.S. 660, 616-17 (1974); *see Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("In *Ross v. Moffitt* . . . this Court held that a criminal defendant does not have a constitutional right to counsel to pursue . . . applications for review in this Court."). The same is true of en banc review by a court of appeals because that review also is discretionary. *See* Fed. R. App. P. 35(a); *Fed. Election Comm'n v. Lance*, 635 F.2d 1132, 1137 (5th Cir. 1981) ("[O]ur decision to hear the case en banc rest[s] on our discretionary power under Fed.R.App.P. 35."); *see also In re Morgan*, 717 F.3d 1186, 1194 (11th Cir. 2013) (Pryor, J., respecting the denial of rehearing en banc) ("We have the discretion to consider en banc an appeal or other proceeding . . . ."); *McNeal v. United States*, 54 F.3d 776, 776 (6th Cir. 1995) (unpublished) ("The logic of [*Torna*] and *Ross* is that there is no constitutional right to counsel in seeking rehearing en banc . . . ."). Movant's claim that Webster rendered ineffective assistance by refusing his request to seek en banc and certiorari review thus fails because "where there is no constitutional right to counsel there can be no deprivation of effective assistance." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Torna*).

Movant's claim that Wallace rendered ineffective assistance also lacks merit. Movant made only a conclusory allegation that Wallace induced him to plead guilty: he wrote "Attorney inducement to take a plea Agreement," (doc. 66 at 9), and that Wallace "Induced Movant[] to plead guilty," (doc. 66-1 at 8). The only factual allegation in Movant's § 2255 filings that could relate to the inducement claim is the allegation that Wallace told Movant "that he always could appeal the sentence" if he pled guilty. (Doc. 66-1 at 8.) Assuming Wallace told Movant that, Movant's claim of inducement nevertheless fails because the record demonstrates that he understood the appeal waiver in his plea agreement and voluntarily agreed to it.

As noted above, the court of appeals concluded from the record – particularly the appeal waiver and the transcript of the plea hearing – that the waiver was valid and that Movant voluntarily agreed to it with full knowledge of its consequences. That settles Movant's challenge to the general validity of the appeal waiver because a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *Id.* (quotation marks omitted).

5

And the record refutes Movant's claim that he agreed to the appeal waiver because of Wallace's advice that he always could appeal. An appeal waiver must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted).

At Movant's plea hearing, the government's counsel described the appeal waiver. (Doc. 55 at 11-12.) Movant, who was under oath, promptly agreed with the description. (*Id.* at 12.) Movant also stated that no one threatened or forced him to plead guilty and that he had not received any promises other than what was in the written plea agreement. (*Id.* at 13.)

Movant also discussed the consequences of the appeal waiver with the Court. (Id. at 19-21.) The Court identified the appeal rights Movant was waiving: "a right to file a direct appeal to the Court of Appeals" and "a right at a subsequent time to file a petition for a writ of habeas corpus, it's a 2255 motion." (*Id.* at 19-20.) The Court told Movant that the plea agreement waived those rights except in the three limited

6

circumstances listed in the agreement, which the Court described. (*Id.* at 20.) Movant responded that he understood those consequences and understood everything discussed at the plea hearing. (*Id.* at 21-22.) So not only did Movant fail to disclose, as he now claims, that Wallace told him he always would be able to appeal, his sworn statements at the hearing refute that claim.

When a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true," *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987), and those statements "constitute a formidable barrier in any subsequent collateral proceedings," *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Movant's claim that Wallace induced him to plead guilty by advising him that he could always appeal is refuted by Movant's sworn statements made at the relevant time.

Moreover, Movant cannot show prejudice from Wallace's alleged bad advice because Movant did, in fact, appeal. New counsel appeared for Movant and filed an appeal challenging Movant's sentence.

Because Movant's appeal waiver is enforceable and the record refutes Movant's claims that he pled guilty because of ineffective assistance of counsel, the government

7

correctly asserts that Movant's challenges to his sentence are barred. Movant is not entitled to relief under § 2255.

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [66] be **DENIED** and that civil action number 1:18-cv-5009-RWS-JKL be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 31st day of January, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)